UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
HIGH ROCK WESTMINSTER STREET LLC,   )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 13-500 S
                                    )
BANK OF AMERICA, N.A.,              )
                                    )
        Defendant.                  )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Bank of America, N.A. ("BOA") has filed a Motion to Amend its Counterclaim against High Rock Westminster Street LLC ("High Rock"). (ECF No. 65.) For the reasons set forth below, the motion is DENIED.

I.  Background

This case involves a dispute over a commercial real estate lease. According to the Complaint, Fleet Bank, N.A. ("Fleet") owned and occupied the so-called "Superman Building" at 111 Westminster Street in Providence, Rhode Island ("111 Westminster"), until April 7, 2003. On that date, Fleet and Westminster Office 1031, LLC ("Westminster") entered into a sale-leaseback agreement whereby Westminster acquired ownership of 111 Westminster and simultaneously agreed to let Fleet

continue to occupy the premises pursuant to a ten-year lease ("the Lease"). Subsequent to the leaseback-sale, on April 1, 2004, BOA acquired Fleet, took over occupancy of 111 Westminster, and assumed Fleet's responsibilities under the Lease. Four years later, on January 24, 2008, High Rock bought 111 Westminster and took over Westminster's rights and responsibilities under the Lease. Thus, until the Lease expired, by its own terms, on April 30, 2013, High Rock was the landlord and BOA the tenant at 111 Westminster.

A few months after the expiration of the Lease, on July 2, 2013, High Rock sued BOA alleging that BOA breached the Lease by failing to properly repair and maintain the building, that BOA violated the implied covenant of good faith, and that BOA committed waste. High Rock seeks monetary damages to pay for the necessary repairs and to compensate for lost rental income. High Rock also alleges that BOA is liable for several months' rent as a hold-over tenant because it failed to remove certain moveable furnishings, trade fixtures, equipment, and other personal property (the "Personalty") from 111 Westminster following the expiration of the Lease.

On September 10, 2013, BOA filed an answer denying all liability, as well as two counterclaims, both of which pertain to High Rock's claim for hold-over rent. In its first counterclaim, BOA sought a declaratory judgment to the effect

that BOA was not required under the Lease to remove the Personalty and thus was never a hold-over tenant. The second counterclaim alleged that High Rock breached the Lease by seeking hold-over rent. High Rock filed a motion to dismiss the counterclaims, arguing first that the counterclaim for declaratory judgment should be dismissed because it is simply the inverse of High Rock's claim for hold-over rent, and second that the counterclaim for breach of the Lease should be dismissed because the Lease expired before High Rock sought hold-over rent and, regardless, nothing in the Lease says that High Rock cannot seek hold-over rent from a hold-over tenant.[1]

The parties then entered into an agreement, on October 29, 2013, concerning the removal of the Personalty from 111 Westminster (the "Personalty Agreement"). Under the Personalty Agreement, BOA agreed to pay High Rock $350,000 and to waive all its claims to title of the Personalty. In exchange, High Rock agreed to arrange for the removal of the Personalty and to waive any claims for hold-over rent for the period beginning 45 days after High Rock received the $350,000 payment from BOA. The parties explicitly agreed that the Personalty Agreement would not affect the parties' respective claims and counterclaims with

---

[1] High Rock later renewed this motion to dismiss BOA's counterclaims. Because of the pending Motion to Amend that is the subject of this Opinion and Order, these motions to dismiss (ECF Nos. 32, 39) may be DENIED AS MOOT without prejudice to High Rock's right to refile.

respect to hold-over rent for any period prior to 45 days after the date on which High Rock received the $350,000 payment.

On June 17, 2014, BOA filed the instant Motion to Amend its Counterclaim. Acknowledging that the counterclaim for declaratory judgment is, in fact, the flip side of High Rock's claim, BOA seeks to drop that counterclaim. BOA also seeks to re-characterize its breach of contract counterclaim as a claim for unjust enrichment. BOA argues that it conferred a benefit upon High Rock by paying $350,000 under the terms of the Personalty Agreement for the removal of the Personalty, and that it would be inequitable for High Rock to retain that benefit without paying for it, as BOA was never legally obliged to pay for the removal of the Personalty.

II. Discussion

    A.   Standard of Review

Courts should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a court may refuse leave to amend if the amendment is futile. Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001). When a motion to amend is filed before the conclusion of discovery and before any motions for summary judgment, a court's futility analysis is identical to the analysis under a Rule 12(b)(6) motion to dismiss. Juarez v.

4

Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013).

Under Rule 12(b)(6), "the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.) (discussing Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). When evaluating the plausibility of the claims, courts "accept the well-pleaded facts as true and indulge all reasonable inferences therefrom in the [non-moving party]'s favor."[2] Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005). In addition, a court "may consider the whole of a document integral to or explicitly relied upon in a [pleading], even if that document is not annexed to [that pleading]." Id. (citing Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000)). Therefore, this Court will consider both the proposed amended counterclaim and the Personalty Agreement explicitly referred to in the proposed amendment.[3]

---

[2] Although BOA moved for leave to amend, BOA is the "non-moving party" for purposes of the Rule 12(b)(6) analysis since its counterclaim is evaluated.

[3] The Personalty Agreement was attached in its entirety to High Rock's opposition to BOA's motion to amend. The Court notes that this copy is signed only by BOA, but neither party suggests that it is not the final, enforceable version.

5

B.  Plausibility of the Unjust Enrichment Claim

To succeed on a claim for unjust enrichment, BOA must prove that BOA conferred a benefit upon High Rock, that High Rock appreciated the benefit, and that it would be inequitable under the circumstances for High Rock to retain the benefit without paying for its value. See W. Reserve Life Assurance Co. of Ohio v. Caramadre, 847 F. Supp. 2d 329, 348 (D.R.I. 2012) (citing Narragansett Elec. Co. v. Carbone, 898 A.2d 87, 99 (R.I. 2006)). Normally, unjust enrichment claims are precluded "where a valid contract governs the subject matter." Tantara Co. v. Bay St. Neighborhood Ass'n, LLC, C.A. No. NC-11-55, 2012 R.I. Super. LEXIS 155, at *15 (R.I. Super. Ct. Oct. 4, 2012) (citing Restatement (Third) of Restitution and Unjust Enrichment § 2(2) (2011)). However, a party to a contract may recover under an unjust enrichment theory if the contract is "breached, rescinded, or otherwise made invalid, or [if] the benefit received was outside the scope of the contract." Id. at *16 (quoting Clapp v. Goffstown Sch. Dist., 977 A.2d 1021, 1025 (N.H. 2009)); see also Restatement (Third) of Restitution and Unjust Enrichment § 2 cmt. c. But when the benefit received was conferred under the terms of a contract and there is no allegation that the contract was invalid, voidable, unclear, or otherwise flawed, a court may properly dismiss the unjust

6

enrichment claim. See Reed v. Zipcar, Inc., 527 Fed. Appx. 20, 24 (1st Cir. 2013).

Here, BOA alleges that it paid $350,000 to High Rock under the terms of the Personalty Agreement. (See Am. Counterclaim ¶ 24, ECF No. 65-1.) It does not allege, however, that the Personalty Agreement is invalid, voidable, or unclear, and thus BOA cannot "escape its terms by resort to equity." Reed, 527 Fed. Appx. at 24; see also 42 C.J.S. Implied Contracts § 38 ("An unjust enrichment claim is not a means for shifting the risk one has assumed under contract.").[4]

Furthermore, when a party "is fully compensated for a benefit conferred, a claim for unjust enrichment will not lie." Bisbano v. Strine Printing Co., 737 F.3d 104, 108 (1st Cir. 2013) (citing Narragansett Elec. Co., 898 A.2d at 99). Here, BOA does not allege that High Rock retained a benefit without paying for its value. High Rock received the payment as part of a bargained-for exchange that was mutually beneficial to the parties. In exchange for the $350,000 payment, High Rock agreed

---

[4] Of course, a party may plead both breach of an enforceable contract and unjust enrichment in the alternative. See Fed. R. Civ. P. 8(d)(3); see also Lass v. Bank of Am., N.A., 695 F.3d 129, 140 (1st Cir. 2012). Here, BOA is not seeking to bring its unjust enrichment claim in the alternative. It merely seeks to replace its breach counterclaim with a counterclaim for unjust enrichment. Further, whether or not it is pled as an alternative theory, an unjust enrichment claim to recover a benefit conferred pursuant to a contract must include an allegation that the contract was voidable or otherwise invalid.

7

to remove the Personalty and to waive any claims for hold-over rent starting 45 days after it received the payment, thereby effectively capping BOA's potential liability for hold-over rent. (See Personalty Agreement ¶¶ 1, 7, ECF No. 71.)  Again, BOA does not allege that the contract is unenforceable or that High Rock failed to perform.  Therefore, the unjust enrichment claim would not survive a Rule 12(b)(6) motion to dismiss and thus BOA's Motion to Amend is futile.

In support of its Motion to Amend, BOA argues that High Rock should be equitably estopped from arguing that the unjust enrichment claim is barred by the existence of a contract, since High Rock moved to dismiss BOA's original counterclaim for breach of contract on the seemingly opposite theory that there was no contract because the Lease had previously expired.  BOA's argument is based on an equivocation; High Rock's arguments relate to two different contracts.  In its original counterclaim, BOA claimed that High Rock breached the Lease by seeking hold-over rent.  High Rock argued in response that the by-then expired Lease did not apply.  But the unjust enrichment claim is not barred by the existence of the Lease.  Rather, the unjust enrichment claim is barred by the Personalty Agreement, pursuant to which the $350,000 payment was made.  Hence, there is no inconsistency in High Rock's position.

III. Conclusion

The proposed amended counterclaim for unjust enrichment would not survive a Rule 12(b)(6) motion to dismiss because the benefit received was allegedly conferred under the terms of an agreement, and there is no allegation that the agreement was invalid or subject to avoidance. Therefore, the proposed amendment is DENIED as futile.


IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  August 6, 2014