UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
HIGH ROCK WESTMINSTER STREET LLC,   )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   C.A. No. 13-500 S
                                    )
BANK OF AMERICA, N.A.,              )
                                    )
        Defendant.                  )
_____)

### ORDER

WILLIAM E. SMITH, Chief Judge.

On August 6, 2014, this Court denied Bank of America, N.A.'s ("BOA") Motion to Amend its Counterclaim against High Rock Westminster Street LLC ("High Rock") (ECF No. 65). Now before the Court are BOA's Motion to Reconsider or Clarify the Order denying its Motion to Amend (ECF No. 91), and High Rock's Second Renewed Motion to Dismiss BOA's Counterclaims (ECF No. 86). For the reasons set forth below, BOA's motion is DENIED, High Rock's motion is GRANTED, and BOA's counterclaims are DISMISSED.

I.  Background

BOA was High Rock's tenant at 111 Westminster Street, and vacated the building's premises on April 30, 2013, pursuant to the parties' lease. According to High Rock, BOA left behind

furniture and other property that BOA was responsible for removing, in breach of the lease. High Rock began sending holdover rent invoices to BOA for about $240,000 per month. On July 2, 2013, High Rock filed suit against BOA on several grounds, including breach of lease for failing to remove BOA's property from the premises. (Compl., ECF No. 1.)

BOA asserted in its second of two counterclaims filed on September 10, 2013 (Answer & Countercl., ECF No. 11) that High Rock breached the express terms of the lease by demanding removal of BOA's property and charging holdover tenant rent.[1] High Rock moved to dismiss this counterclaim.

On October 29, 2013, the parties entered into a Personalty Agreement (the "Agreement") in which BOA agreed to pay High Rock $350,000, and High Rock agreed to waive any claims against BOA for holdover tenant rent after receipt of the payment. Both parties reserved their respective claims and defenses in the underlying action, including claims relating to removal of the property and holdover rent assessed prior to the Agreement's enactment.

On June 17, 2014, BOA moved to amend its counterclaim, seeking to replace its breach of lease claim with an unjust enrichment claim based on its payment of $350,000 to High Rock

---

[1] BOA initially filed another counterclaim for declaratory judgment, which it later voluntarily dismissed.

2

under the Agreement.

In an August 6, 2014 Order, this Court held that BOA could not amend its counterclaim because unjust enrichment is precluded where a valid contract governs. The Order found that BOA had signed a contract governing the $350,000 payment, and thus could not claim that no contract governed the payment, a prerequisite to an unjust enrichment cause of action. The Order denied as moot High Rock's motion to dismiss BOA's counterclaims, without prejudice to High Rock's right to refile. High Rock subsequently renewed its motion to dismiss, after which BOA filed its objection and its motion to reconsider or clarify the August 6, 2014 Order.

II. Discussion

Reconsideration "is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (internal citation and quotation marks omitted). A court will not grant reconsideration unless the movant demonstrates newly discovered evidence, "a manifest error of law," or that the court "patently misunderstood" a party's argument. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008). Clarification or modification is only warranted in the event of a clerical or ministerial error in the judgment. Chrabaszcz v. Johnston Sch. Comm., 474 F. Supp. 2d 298, 322 (D.R.I. 2007).

3

BOA has repeatedly asserted that it seeks to preserve its right to recover the $350,000 it paid High Rock under the Agreement, should it prevail on the merits of the underlying action. According to BOA, safeguarding its ability to recover this payment was the purpose behind its initial counterclaim for breach of contract as well as its proposed amended counterclaim. This does not, however, change the fact that unjust enrichment is inapplicable to BOA's contractually mandated payment of $350,000, and is therefore an improper vehicle for recovering this payment. BOA has pointed to no error or misunderstanding in the August 6, 2014 Order, nor has it set forth any other basis for reconsideration or clarification.

Moreover, counsel for BOA has conceded that the claim BOA seeks to preserve was not properly couched as a claim for breach of contract, and that BOA's payment of $350,000 cannot properly be characterized as damages for breach of the lease. Even BOA agrees that dismissal of its initial counterclaim for breach of contract is therefore warranted, especially given that BOA's concern is with a payment made not only after the counterclaim was filed, but pursuant to a separate contractual agreement.

BOA's unjust enrichment claim is no better suited than its breach of contract claim to resolving a foreseeable dispute over BOA's entitlement to recover the $350,000 it paid High Rock under the Agreement. Having said this, the Court understands

4

BOA's obvious frustration; it feels there should be some way to reclaim the $350,000 it paid High Rock if it prevails in the underlying action.  But the Agreement on its face does not provide an avenue for the remedy BOA seeks.  This Court holds that neither the breach of contract nor the unjust enrichment counterclaims asserted by BOA are appropriate vehicles to recover the $350,000.

III. Conclusion

For the foregoing reasons, BOA's Motion to Reconsider or Clarify is DENIED, High Rock's Motion to Dismiss is GRANTED, and BOA's counterclaims are DISMISSED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: March 12, 2015