UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
HIGH ROCK WESTMINSTER STREET LLC,  )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 13-500 S
                                   )
BANK OF AMERICA, N.A.,             )
                                   )
          Defendant.               )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

On February 27, 2017, this Court heard oral argument on several motions filed by both parties in this case, including Bank of America's "Omnibus Motion to Strike High Rock's Expert Disclosures." (ECF No. 214.)  Bank of America sought to preclude two of High Rock's disclosed experts: James Kirby, President and CEO of Commercial Construction Consulting, Inc. ("$C^3$"), who is retained to testify about the costs to make repairs and replacements to 111 Westminster's electrical and HVAC systems; and Brian Southerland, a Senior Construction Project Manager for $C^3$, who is retained to testify about the cost of making repairs to 111 Westminster's façade and its vaulted sidewalk areas.

During the hearing, the Court issued a tentative ruling that Southerland and Kirby would be allowed to testify as expert

witnesses regarding the cost estimates to repair and/or replace the electrical systems, the HVAC systems, the façade, and the vaulted sidewalk areas, subject to foundational information provided through testimony by representatives from the companies on whose bids reports Southerland and Kirby relied: McDonald Electrical Corp., The Logan Company, and Heritage Restoration. (2/27/2017 Tr. 94, ECF No. 269.)  The Court intended this ruling to accommodate some of Bank of America's concerns with respect to the foundation of Southerland and Kirby's opinions by allowing representatives from these companies to be called as fact witnesses to lay a foundation for the expert testimony, and gave permission for Bank of America to depose these individuals prior to trial.  After High Rock initiated a conference call with the Court and Bank of America to clarify the scope of discovery as to the new fact witnesses, however, it became apparent that, since the hearing on February 27, Bank of America perceives these additional witnesses as new expert witnesses and has attempted to conduct pre-deposition discovery in addition to scheduling depositions.

After hearing from counsel, the Court conducted an additional review of Southerland and Kirby's expert reports and depositions, and upon further reflection, is issuing this Order

2

to clarify the Court's ruling with respect to Bank of America's Motion to Strike the testimony of these two expert witnesses.

Southerland's expert report discloses that the cost estimate he provides for the repairs to 111 Westminster's façade and vaulted sidewalk areas is based on reports, bids, and construction documents from Wiss, Janney, Elstner Associates, Inc. ("WJE") (Def.'s Mot. to Strike Ex. N ¶¶ 8, 12, 14, 15, 17, 30, 31, ECF No. 216-2), as well as a bid for the repairs from Heritage Restoration prepared at $C^3$'s request (Id. ¶¶ 23, 24). During Southerland's deposition, Bank of America questioned him at length about the WJE reports and Heritage Restoration bid forms that formed, in part, the bases of his opinions. (Def.'s Mot. to Strike Ex. O (see, e.g., 67:1-72:22, 91:10-94:21, 96:6-97:15, 106:4-110:10, 113:14-117:24), ECF No. 216-3.)

Kirby's expert report discloses that the cost estimate he provides for the repairs and replacements to 111 Westminster's electrical and HVAC systems is based on reports and/or cost estimates prepared by several companies, including $C^3$, RG Vanderweil Engineers, Inc., Edward G. Sawyer Co., Inc., Gilbane Building Company, McDonald Electrical Corp., and The Logan Company; the latter two company's cost estimates prepared at $C^3$'s request. (Def.'s Mot. to Strike Ex. Q ¶¶ 9, 10, 13, 16, 17, 23, 25, 27, 29, ECF No. 216-5.) During Kirby's deposition, Bank of

America examined him extensively with respect to the estimates and documents on which his opinions rely, including questions about specific line items of the various estimates and reports. (Def.'s Mot. to Strike Ex. R (see, e.g., McDonald 60:13-67:19, 73:14-74:25, 90:22-101:13, Logan 67:20-72:13, Gilbane 75:1-90:21), ECF No. 216-13.)

Both experts clearly relied on documents prepared by other companies, but also on documents and estimate figures prepared by $C^3$ based on the observations and first hand work completed by the company. Rule 703 of the Federal Rules of Evidence is clear that an expert witness's opinion can be based on "facts or data in the case that the expert has been made aware of or personally observed," and that as long as "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject," the expert's opinion is admissible even if the facts and/or data are not.

Bank of America has argued correctly that cost estimate testimony must be introduced by expert witnesses. "[E]stimating the cost of future [repair] work is generally the subject of expert testimony" because "estimating the cost of a complex repair requires the forecasting of the amount, type and costs of materials and labor, which are not common knowledge or familiar in everyday life" and "requires specialized knowledge."

4

Providence Piers, LLC v. SMM New England, Inc., No. CV 12-532S, 2015 WL 9699936, at *7-8 (D.R.I. Oct. 1, 2015), report and recommendation adopted, No. CV 12-532 S, 2016 WL 126742 (D.R.I. Jan. 11, 2016) (citing Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., 320 F.3d 1213, 1221-23 (11th Cir. 2003); Pendarvis v. Am. Bankers Ins. Co. or Fla., 354 F. App'x 866, 869, n.*** (5th Cir. 2009) (further citations omitted)).

The projected and estimated costs to repair and replace the HVAC and electrical systems and to repair the façade and vaulted walkway areas at 111 Westminster are, therefore, properly admitted through the opinion of a witness deemed an expert "by knowledge, skill, experience, training, or education" pursuant to Rule 702, and not through additional fact witnesses.  Bank of America has Southerland's and Kirby's expert reports and had an opportunity to depose each expert about the bases for their opinions.   By  tentatively  ruling  that  the  additional foundational  witnesses  would  be  allowed,  the  Court  had  not intended to allow additional expert witnesses, and, upon further review,  it  is  clear  that  lay  witnesses  from  Heritage Restoration, The Logan Company, and McDonald Electrical Corp. would not be necessary nor should they be permitted to testify to  the  cost  estimates  for  the  future  repair  and  replacement work.

Based on the foregoing, the Court orders as follows: Bank of America's Motion to Strike as to Brian Southerland and James Kirby is DENIED (ECF No. 214.)  Representatives from McDonald Electrical Corp., The Logan Company, and Heritage Restoration are neither required nor permitted to testify and therefore need not be deposed.  Discovery is closed, and any outstanding discovery requests are quashed.  Brian Southerland and James Kirby may testify at trial as expert witnesses, expressing the expert opinions summarized in their respective expert reports and relying on the documents, bids, and reports disclosed in their respective expert reports.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  March 16, 2017